IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN JOSEPH McMONAGLE,

    Petitioner,                    No. CIV S-11-2115 GGH P

    vs.

DON L. MEYER,

    Respondents.               ORDER[1][2]

/

       Petitioner was convicted by jury of misdemeanor driving under the influence of alcohol and driving with a blood alcohol level of .08% or more, and was sentenced to jail time and probation. Petitioner now proceeds with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition, arguing that it is untimely. Petitioner has opposed the motion. For the reasons outlined below, the motion to dismiss is granted.

\\\\\

\\\\\

---

[1] This case is before the undersigned on consent of the parties, 28 U.S.C. § 636(c).

[2] The undersigned does not find the need to have oral argument on this motion given the matter is decided by binding precedent.

**BACKGROUND**

On November 21, 2008, a jury found petitioner guilty of violating: (1) section 23152(a) of the California Vehicle Code, willfully and unlawfully driving a vehicle while under the influence of an alcoholic beverage; and (2) section 23152(b) of the California Vehicle Code, willfully and unlawfully driving a vehicle while having a 0.08% or more by weight of alcohol in his blood. See Lodged Doc. No. 1 at 258. The jury also found true the additional allegation that petitioner did willfully and unlawfully drive a motor vehicle with a concentration of alcohol in his blood of 0.15% or more by weight, within the meaning of section 23578 of the California Vehicle Code. Id.

Petitioner admitted a prior conviction as to each count, see id. at 260-61, and was sentenced to summary probation for three years, and to 15 days in jail. Id. at 267-68.

Petitioner appealed his conviction to the Appellate Division of the Superior Court. See Doc. No. 1, Application for Writ of Habeas Corpus, at 2. On December 18, 2009, in light of new Supreme Court law governing the introduction of testimony in support of blood alcohol lab results, the Appellate Division reversed the judgment as to petitioner's conviction for driving with a blood level in excess of 0.08%, and as to the high blood alcohol allegation, and affirmed as to the conviction for driving under the influence of alcohol:

> After [petitioner's] trial, the United States Supreme Court found that lab certificates analyzing drugs and prepared for trial are "testimonial" under Crawford v. Washington, (2004) 541 U.S. 36, and violate criminal defendants' Confrontation Clause rights if admitted over timely objection, and without testimony from the forensic analyst who conducted the tests, unless the analyst was unavailable, and defendant had a prior opportunity for cross-examination. (Melendez-Diaz v. Massachusetts (2009), 557 U.S. —, 129 S. Ct. 2527, 2532).
>
> The California Supreme Court has granted review, and is currently considering granting review in several Court of Appeal cases addressing whether Melendez-Diaz affects People v. Geir (2007) 41 Cal.4th 555, which authorizes an analyst's supervisor to testify about lab results, in place of the lab analyst who conducted the tests and obtained the results. Here, the record on appeal establishes that over trial counsel's timely Confrontation Clause objections, the trial court admitted [petitioner's] blood alcohol lab report, and testimony regarding the lab results.

2

> However, the analyst who tested [petitioner's] blood did not testify at trial. Instead, the analyst's supervisor, who did not observe the analyst as she tested [petitioner's] blood, testified. The People claimed that the analyst who tested [petitioner's] blood was unavailable because she had moved to another state. However, it was undisputed that [petitioner] had not had the opportunity to cross-examine her. And, because the People offered the lab report and results into evidence, the Confrontation Clause imposed the burden on the People to present its witnesses, not on the defendant to bring those adverse witnesses into court. (Melendez-Diaz, supra, 129 S. Ct. 2540.) As such, the panel finds that the lab report and the results should not have been admitted into evidence.
>
> [Petitioner] did not perform any field sobriety tests. His blood alcohol concentration was therefore significant evidence in established that his blood alcohol exceeded .08%. Because the lab result evidence was admitted over [petitioner's] timely confrontation clause objections, the judgment is reversed as to his conviction for violating vehicle Code section 23152(b), and as to the high blood level alcohol allegation.
>
> However, after considering all the evidence at trial, the panel finds that there was overwhelming evidence that [petitioner] drove while intoxicated. For instance, [petitioner] stopped abruptly and irregularly for a red light, drove abnormally slow, turned abruptly, smelled of alcohol, mumbled, admitted consuming alcohol, had red, watery eyes, was slow and unsteady on his feet, and had difficulty walking. In addition, the criminalist, an expert, testified that such symptoms are consistent with intoxication. Therefore, after careful consideration of the record, the Panel finds that with regard to [petitioner's] conviction for violating Vehicle Code section 23152(a), the error in admitting the blood test results was harmless beyond a reasonable doubt. (Chapman v. California (1967) 386 U.S. 18, 24.) As such, the judgment is affirmed as to [petitioner's] conviction for violating vehicle Code section 23152(a).

See Lodged Doc. No. 2 at 1-2.

On January 19, 2010, the appellate division denied petitioner's request for certification of the matter to the court of appeal. See Doc. No. 1 at 3. On February 11, 2010, the Court of Appeal, Third Appellate Division, denied petitioner's request for a transfer of the matter to the Court of Appeal under California Rule of Court 8.1008. See id.; see also Lodged. Doc. No. 3.

On April 7, 2010, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which petition was denied on June 17, 2010. See Lodged Doc. Nos 4, 5.

**THE CURRENT PETITION**

Petitioner filed the current petition on August 10, 2011. See Doc. No. 1. Petitioner argues that he was denied his right to confrontation when the trial court allowed the state to use in evidence a report whose author was not available to testify at petitioner's trial, and that he was prejudiced by the state's use of the report, resulting in a conviction for driving under the influence. See Doc. No. 1-1. Petitioner further argues that the state court erred in finding that admission of the report was harmless error, since the evidence in the record, other than the report, was insufficient to sustain the conviction. Id.

**THE MOTION TO DISMISS**

Respondent now moves to dismiss this habeas petition, arguing that it was due on June 17, 2011, and is untimely, because it was not filed until August 10, 2011. See Doc. No. 10.

According to respondent, petitioner's period of direct review in the state courts ended on February 11, 2010, when the state Court of Appeals denied petitioner's request for a transfer. Petitioner's time in which to seek review at the United States Supreme Court therefore ended on May 12, 2010. The statute of limitations would accordingly begin to run the following day, on May 13, 2010, making the last day to file a federal petition May 12, 2011, plus any time for tolling.

Respondent acknowledges that petitioner is entitled to toll any time when he had a properly filed petition pending in the state court. Petitioner filed a petition with the California Supreme Court on April 7, 2010, thirty-five days prior to the commencement of the limitations period. Respondent argues that petitioner is not entitled to tolling for the time the petition was pending before the commencement of the limitations period – instead, respondent argues that petitioner is entitled to toll only from May 13, 2010, through June 17, 2010, when the petition was denied. Respondent argues that tolling ceased upon denial by the state court, and that no additional tolling is provided for seeking review at the United States Supreme Court following the denial of state court post-conviction relief.

1    Respondent argues that petitioner is accordingly allowed 36 days of tolling for the
2 time when his habeas petition was before the state Supreme Court, moving his deadline to June
3 17, 2011.
4    In opposition, petitioner argues that his statute of limitations did not begin to run
5 until September 17, 2010, 90 days after the state Supreme Court denied his habeas petition.  He
6 argues that, because he is required to exhaust his arguments with the highest state court before he
7 may present them in federal court, his direct review was not concluded until after the state
8 Supreme Court denied his petition and his time to file a petition with the United States Supreme
9 Court, seeking review of the state Supreme Court habeas denial, had expired.
10    Alternatively, petitioner argues that his petition is timely because it was filed
11 within 1 year of the Supreme Court's decision in Bullcoming v. New Mexico, 131 S. Ct. 2705
12 (2011), which was announced on June 23, 2011.  Petitioner argues that Bullcoming "extended
13 the confrontation right to the introduction of a laboratory report through testimony of another lab
14 employee," closing "the gap left by the Court's prior opinion in Melendez-Diaz v. Massachusetts,
15 129 S. Ct. 2527 (2009)."  Petitioner claims that the Bullcoming opinion announced a "newly
16 recognized right to Confrontation, retroactive to cases on collateral review."
17 **RELEVANT AUTHORITY**
18    Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28
19 U.S.C. § 2244(d)(1)(A), a federal petition for writ of habeas corpus ordinarily must be filed
20 within one year after the state court judgment becomes final by the conclusion of direct review or
21 the expiration of the time to seek direct review.  E.g., Porter v. Ollison, 620 F.3d 952, 958 (9th
22 Cir. 2010).
23    Alternatively, a federal petition may be filed within one year of the date on which
24 the United States Supreme Court initially recognizes the constitutional right asserted, if the right
25 has been newly recognized and "made retroactively applicable to cases on collateral review."
26 See 28 U.S.C. § 2244(d)(1)(C); Tyler v. Cain, 533 U.S. 656, 663, 121 S. Ct. 2478, 2482, 150 L.

Ed. 2d 632, 643 (2001).

The time during which a properly filed application for state post-conviction or collateral review (including California habeas proceedings) is pending does not count toward this one-year period. Porter v. Ollison, 620 F.3d at 958, citing 28 U.S.C. § 2244(d)(2).

However, a petition filed before completion of direct review does not operate to effect the petitioner's available time at all. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2005).

In California, a misdemeanor criminal conviction may be appealed to the appellate division of the Superior Court. See Cal. Penal Code § 1466. Upon conclusion of proceedings in the appellate division, a party may ask the appellate division to certify the matter to the Court of Appeals, and, if certification is denied, may seek a transfer in the Court of Appeals directly. See Cal. R. Ct. 8.1002, 8.1005, 8.1006. The denial of a request for transfer by the Court of Appeals is final immediately. See Cal. R. Ct. 8.1018(a) ("If the Court of Appeal denies transfer of a case from the appellate division of the superior court....after a party filed a petition for transfer, the denial is final immediately.") The denial is not reviewable by the state Supreme Court. See Cal. R. Ct. 8.500(a)(1) ("A party may file a petition in the Supreme Court for review of any decision of the Court of Appeal, including any interlocutory order, except the denial of a transfer of a case within the appellate jurisdiction of the superior court.").

California misdemeanor defendants, whose original challenges to the conviction are concluded before reaching the state Supreme Court, must present their constitutional claims to the state Supreme Court in a habeas petition in order to exhaust the claims for federal habeas purposes. See Larche v. Simons, 53 F.3d 1068, 1071-72 (9th Cir. 1995).

**DISCUSSION**

This petition is untimely. The petitioner's direct review concluded on February 11, 2010, the date on which the state Court of Appeals denied petitioner's request for a transfer. Under state law, that decision is immediately final and non-reviewable. See 28 U.S.C.

1 § 2244(d)(1)(A); Wixom v. Washington, 264 F. 3d 894, 897-98 (9th Cir. 2001) (reviewing state
2 Rules of Appellate Procedure to determine "conclusion of direct review").

3 Petitioner then had 90 days, or until May 12, 2010, to petition the United States
4 Supreme Court for review. See Sup. Ct. R. 13(1). Petitioner's one-year limitations period began
5 to accrue the next day, on May 13, 2010, and ended May 12, 2011. See Fed. R. Civ. P. 6(a)(1).

6 Petitioner is entitled to tolling for the 36 days after his limitations period began to
7 accrue and his properly filed habeas petition was pending before the state Supreme Court,
8 moving his deadline to June 17, 2011. Because the petition was not filed until August 10, 2011,
9 it is untimely.

10 Petitioner cites no authority in support of his argument that his direct review
11 ended only after he had completed his exhaustion requirements. Such a measurement would
12 conflate the distinct purposes behind the exhaustion requirement and the statute of limitations,
13 and would also seem to duplicate the tolling already authorized by 28 U.S.C. § 2244(d)(2) for
14 those periods when the petitioner is seeking post-conviction or collateral relief. See Rhines v.
15 Weber, 544 U.S. 269, 276, 125 S. Ct. 1528, 1534, 161 L. Ed. 2d 440, 451 (2005); Duncan v.
16 Walker, 533 U.S. 167, 179-80, 121 S. Ct. 2120, 2128, 150 L. Ed. 2d 251, 263 (2001) ("The
17 tolling provision of § 2244(d)(1) balances the interests served by the exhaustion requirement and
18 the limitation period.").

19 If petitioner believes that his conviction was not final until the state supreme court
20 had reviewed his case in some context, even habeas corpus, and therefore he could tack on a 90
21 day review period for the filing of a petition for certiorari in the U.S. Supreme Court, he is in
22 error. While it is generally the rule in California that one's direct review concludes with a
23 decision by the state supreme court, as clearly set forth above, that is not the rule for
24 misdemeanor convictions. Petitioner's conviction was final for AEDPA purposes after the
25 decision of the Court of Appeal because for purposes of misdemeanor direct review, *that* court
26 was the state's highest court. His one and only period to extend the commencement of the statute

7

of limitations by 90 days, i.e., the AEDPA finality date, is calculated by adding the petition for certiorari time to the last state court decision on *direct review*. If petitioner's argument held water, there would always be two ninety day periods at issue, one after the highest state court had ruled on direct review, whatever the status of that court, and another further "tolling" 90 day period after submission of a habeas petition to the highest state court which could review the habeas petition. Obviously, a second 90 day period to seek review with the U.S. Supreme Court to further the tolling of the already commenced AEDPA limitations period is not possible as §2244(d)(2) tolling applies only to *state court* collateral review. Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079 (2007) (holding that a petition for certiorari to the U.S. Supreme Court following the final denial of a state habeas petition does not toll the AEDPA limitations period).

Petitioner is also not entitled to measure his time under 28 U.S.C. § 2244(d)(2)(C) because the Supreme Court's decision in Bullcoming was not made retroactively applicable to cases on collateral review. See Tyler v. Cain, 533 U.S. at 663, 121 S. Ct. at 2482, 150 L. Ed. 2d at 643 ("[A] new rule is not made 'retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive.")[3]

Accordingly, IT IS HEREBY ORDERED that the respondent's motion to dismiss (Doc. No. 10) the petition be GRANTED, and that the petition be DISMISSED.

DATED: January 30, 2012

                                              /s/ Gregory G. Hollows
                                       UNITED STATES MAGISTRATE JUDGE

GGH:rb
mcmo2115.dis

---

[3] In addition, the Bullcoming court noted that it expressed no view on whether the error was harmless, because, unlike the appellate division in this case, the lower court did not reach the issue. See 131 S. Ct. at 2719, n. 10 ("[N]othing in this opinion impedes a harmless-error inquiry on remand."); see also Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527, 2542 n. 14 ("We of course express no view as to whether the error was harmless....Today's opinion, while insisting upon retention of the confrontational requirement, in no way alters the type of evidence (including circumstantial evidence) sufficient to sustain a conviction.")