IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN JOSEPH McMONAGLE,

Petitioner, No. CIV S-11-2115 GGH P

vs.

DON L. MEYER,

Respondents. ORDER

_________________________________/

On January 30, 2012, this court granted respondent's motion to dismiss and entered judgment. Petitioner has now moved for reconsideration under Fed. R. Civ. P. 59(e), or, in the alternative, that a certificate of appealability issue. For the reasons outlined below, the motion for reconsideration is denied, and the request for a certificate of appealability is granted.

In the January 30, 2012 order, this court found that the petition was untimely because it had not been filed within the time allowed under 28 U.S.C. § 2244(d)(1)(A). The statute requires that a federal petition must be filed within 1 year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Reviewing state law, this court determined that petitioner's state court conviction was final 90 days after the denial of petitioner's motion to transfer in the state Court


of Appeals.

Petitioner now argues, without authority, that this court's conclusions are incorrect and lead to an anomalous result, because such a timetable would require misdemeanor defendants to file simultaneous petitions: for habeas corpus in the state Supreme Court, and for certiorari in the federal Supreme Court. Petitioner argues that such a procedure "would be improper on its face, because the state judgment would not be viewed as final while a necessary and properly filed petition is pending in the state high court." See Doc. No. 15, p. 3. Petitioner instead argues, as he did in his original opposition, that the additional 90 day allowance should be counted from the date when the highest state court denied the habeas petition petitioner filed to exhaust his state remedies.

Plaintiff has moved for reconsideration under Federal Rule of Civil Procedure 59(e). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999), citing School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Petitioner cites no new evidence or law in support of his application.[1]

Instead, he appears to argue that this court has committed clear error, because the upshot of this court's analysis would create some awkwardness in the management of a

[1] The two authorities cited by petitioner are inapposite to the issue raised by the order and the motion. Specifically, petitioner cites Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846 (2006) for the proposition that his habeas petition was timely filed in the state Supreme Court; and Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999), for the proposition that "direct review" ends after expiration of the time to file a petition for writ of certiorari in the United States Supreme Court. These are not new authority, and, more importantly, do not resolve the question at issue; namely, whether the 90 period should be measured from conclusion of petitioner's proceedings in the state Court of Appeals, or from denial of petitioner's habeas petition in the state Supreme Court.

misdemeanor defendant's direct and collateral review. In light of petitioner's absence of authority in support of his position, this court cannot find that its determination, made pursuant to what this court considers binding precedent, was clearly erroneous. See Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 855, 102 S.Ct. 2182, 2189 (1982); In re Van Dusen, 654 F.3d 838, 845 (9th Cir. 2011) (in mandamus analysis, absence of controlling precedent weighs strongly against finding of clear error). Moreover, the undersigned confirms his prior analysis.

However, this court is mindful that there appears to be no case from the Court of Appeals on this issue, and that guidance on the appropriate procedure would be beneficial. Cf. Larche v. Simons, 53 F.3d 1068, 1071-72 (9th Cir. 1995) (requiring misdemeanor defendants to exhaust constitutional claims to California Supreme Court through habeas petition even though no direct appeal to that court is available).[2] Accordingly, this court will grant petitioner's alternative application for a certificate of appealability.

\\\\\

\\\\\

\\\\\

\\\\\

\\\\\

---

[2] In his motion for reconsideration, petitioner appears to discount this court's citation of Larche by arguing that the exhaustion requirement "has not been clearly stated in case authority." See Motion, p. 2. For the sake of clarity, the following language is quoted directly from the Larche opinion: "In sum, the principle of comity that underlies the exhaustion requirement dictates that the California Supreme Court be given the opportunity to correct any constitutional errors a misdemeanant may raise. We therefore hold that before turning to the federal courts for habeas review, misdemeanants must present their constitutional claims to the California Supreme Court by means of state habeas petitions." Larche v. Simons, 53 F.3d at 1072. Moreover, this situation is no different in effect from that when after direct review for any felony has terminated, the AEDPA limitations period commences 90 days thereafter, and one must exhaust any new issues in habeas ultimately with the California Supreme Court.

Good cause appearing, IT IS HEREBY ORDERED that:

(1)  petitioner's motion for reconsideration is DENIED; and

(2)  petitioner's request for a certificate of appealability is GRANTED on the issue of whether petitioner's federal petition was timely under 28 U.S.C. § 2244.

DATED: February 3, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:rb
mcmo2115.850